UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------X
ANJELL BOWERS,

        Plaintiff,

v.

AFRICAN AMERICAN PLANNING
COMMISSION, INC. and MATTHEW OKEBIYI,

        Defendants.

------------------------------------X

ECF Case

No. 09 CV 4096 (NG) (SMG)

**ANSWER AND AFFIRMATIVE AND OTHER DEFENSES**

Defendants African American Planning Commission ("AAPC") and Matthew Okebiyi ("Okebiyi") (collectively "Defendants") hereby answer the numbered paragraphs of Plaintiff's Complaint ("Complaint"), and assert affirmative and other defenses, as follows:

1. Paragraph 1 contains a summary of this action, as to which no response is required, but to the extent a response is deemed required, it is denied. Defendants deny that they acted unlawfully toward Plaintiff in any way.

2. Defendants deny the allegations set forth in Paragraph 2, except that they admit that Plaintiff is a female and lack knowledge and information sufficient to admit or deny the allegations concerning Plaintiff's residence.

3. Defendants admit the allegations set forth in Paragraph 3, except to aver that AAPC's mailing address is P.O. Box 330-707, Brooklyn, New York 11233.

4. Defendants admit the allegations set forth in Paragraph 4, except to aver that AAPC's mailing address is P.O. Box 330-707, Brooklyn, New York 11233.

5. Defendants admit the allegations set forth in Paragraph 5, except to deny that subject matter jurisdiction is based upon 42 U.S.C. § 1981.

6. Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 6.

7. Defendants lack knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 7.

8. Defendants deny the allegations set forth in Paragraph 8, except that they lack knowledge and information sufficient to admit or deny the allegations concerning Plaintiff's age and aver that Plaintiff was employed from June 20, 2005 to October 25, 2006.

9. Defendants deny the allegations set forth in Paragraph 9.

10. Defendants deny the allegations set forth in Paragraph 10.

11. Defendants deny the allegations set forth in Paragraph 11.

12. Defendants deny the allegations set forth in Paragraph 12, except to admit that Plaintiff's first day of employment was June 20, 2005.

13. Defendants deny the allegations set forth in Paragraph 13.

14. Defendants deny the allegations set forth in Paragraph 14.

15. Defendants deny the allegations set forth in Paragraph 15.

16. Defendants deny the allegations set forth in Paragraph 16.

17. Defendants deny the allegations set forth in Paragraph 17.

18. Defendants deny the allegations set forth in Paragraph 18.

19. Defendants deny the allegations set forth in Paragraph 19.

20. Defendants deny the allegations set forth in Paragraph 20.

21. Defendants deny the allegations set forth in Paragraph 21.

22. Defendants deny the allegations set forth in Paragraph 22.

23. Defendants deny the allegations set forth in Paragraph 23.

NY1 26602965.1

24. Defendants deny the allegations set forth in Paragraph 24.

25. Defendants deny the allegations set forth in Paragraph 25.

26. Defendants deny the allegations set forth in Paragraph 26.

27. Defendants deny the allegations set forth in Paragraph 27.

28. Defendants deny the allegations set forth in Paragraph 28.

## FIRST COUNT

29. Defendants deny the allegations set forth in Paragraph 29.

30. Paragraph 30 contains a summary of the relief Plaintiff seeks, as to which no response is required, but to the extent a response is deemed required, it is denied. Defendants deny that they acted unlawfully toward Plaintiff in any way or that she is entitled to any relief whatsoever.

## SECOND COUNT

31. Defendants deny the allegations set forth in Paragraph 31.

32. Paragraph 32 contains a summary of the relief Plaintiff seeks, as to which no response is required, but to the extent a response is deemed required, it is denied. Defendants deny that they acted unlawfully toward Plaintiff in any way or that she is entitled to any relief whatsoever.

## THIRD COUNT

33. Defendants deny the allegations set forth in Paragraph 33.

34. Paragraph 34 contains a summary of the relief Plaintiff seeks, as to which no response is required, but to the extent a response is deemed required, it is denied. Defendants deny that they acted unlawfully toward Plaintiff in any way or that she is entitled to any relief whatsoever.

NY1 26602965.1

## FOURTH COUNT

35. Defendants deny the allegations set forth in Paragraph 35.

36. Paragraph 36 contains a summary of the relief Plaintiff seeks, as to which no response is required, but to the extent a response is deemed required, it is denied. Defendants deny that they acted unlawfully toward Plaintiff in any way or that she is entitled to any relief whatsoever.

## FIFTH COUNT

37. Defendants deny the allegations set forth in Paragraph 37.

38. Paragraph 38 contains a summary of the relief Plaintiff seeks, as to which no response is required, but to the extent a response is deemed required, it is denied. Defendants deny that they acted unlawfully toward Plaintiff in any way or that she is entitled to any relief whatsoever.

## SIXTH COUNT

39. Defendants deny the allegations set forth in Paragraph 39.

40. Paragraph 40 contains a summary of the relief Plaintiff seeks, as to which no response is required, but to the extent a response is deemed required, it is denied. Defendants deny that they acted unlawfully toward Plaintiff in any way or that she is entitled to any relief whatsoever.

## SEVENTH COUNT

41. Defendants deny the allegations set forth in Paragraph 41. Defendants deny that they acted unlawfully toward Plaintiff in any way or that she is entitled to any relief whatsoever.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff or any member of the putative class are entitled to any of the relief sought in the WHEREFORE section of the Complaint or otherwise.

## DEMAND FOR TRIAL BY JURY

Defendants deny that Plaintiff is entitled to a trial by jury to the extent that the laws under which Plaintiff seek to pursue her claims do not permit such trial by jury.

Unless and to the extent expressly admitted herein, Defendants deny any and all allegations in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise bear.

1. Plaintiff fails to state a claim upon which relief may be granted, in whole or in part.

2. To the extent that Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations, Defendants assert that defense.

3. Defendants at all times, in all manners, acted in accordance with any and all duties and obligations under Federal, New York State and New York City law.

4. Plaintiff's claims are barred in whole or in part because any injury to Plaintiff was a result of the conduct or omissions of Plaintiff and were not the result of any act or omission on the part of Defendants.

5. Plaintiff's claims for damages are barred, in whole or in part, to the extent that Plaintiff failed or refused to make reasonable efforts to mitigate, minimize, or avoid her alleged damages.

6. Plaintiff's claims are barred in whole or in part because her alleged damages, if any, are too speculative or remote and/or are impossible to establish with reasonable certainty.

7. Defendants reserves the right to present evidence, if such evidence exists, demonstrating that Plaintiff engaged in misconduct of such severity that her employment would have been terminated if Defendants had known of the misconduct at the time it took place, thereby barring any claim for damages and/or other relief on behalf of Plaintiff after that date.

8. Pursuant to 28 U.S.C. § 1404, venue may lie more appropriately in another United States District Court.

9. Plaintiff is not entitled to punitive damages in that she cannot demonstrate malice, actual participation or reckless indifference by management, nor can she impute liability for punitive damages to AAPC and Okebiyi because of their good faith efforts to comply with applicable law.

10. AAPC has established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminating and harassing practices as required by law.

11. At all times, Defendants exercised reasonable care to prevent and correct promptly any alleged unlawful discrimination in the workplace, and/or Plaintiff unreasonably failed to take proper advantage of the preventive and corrective opportunities provided by Defendants or to avoid harm otherwise.

12. With respect to any employment action taken by Defendants, as challenged herein, Plaintiff's claims are barred because Defendants would have taken the same legitimate, non-discriminatory employment action irrespective of any conduct alleged in the Complaint.

NY1 26602965.1

13. To the extent permitted by law, Defendants seek recovery from Plaintiff of reasonable and necessary attorneys' fees and costs.

14. Defendants assert all affirmative and other defenses available to them under each of the laws and precedents cited in the Complaint.

**WHEREFORE,** Defendants respectfully request that this Court enter a judgment:

1. dismissing the Complaint with prejudice;

2. granting to Defendants their costs, including attorneys' fees, incurred in this action; and

3. granting to Defendants such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 28, 2009

Respectfully submitted,

SEYFARTH SHAW LLP

By: s/ Robert S. Whitman
Robert S. Whitman
rwhitman@seyfarth.com

620 Eighth Avenue, 32nd Floor
New York, New York 10018-1405
Tel.: (212) 218-5500
Fax: (917) 344-1258

*Attorneys for Defendants*

NY1 26602965.1