UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ANJELL BOWERS,

        Plaintiff,

v.

AFRICAN AMERICAN PLANNING
COMMISSION, INC. and MATTHEW OKEBIYI,

        Defendants.

----------------------------------------X

ECF Case

No. 09 CV 4096 (NG) (SMG)

**CONFIDENTIALITY STIPULATION AND ORDER**

WHEREAS, the parties hereto are or will be conducting discovery;

WHEREAS, some of the information and documents sought in discovery contain or relate to information of a private, confidential or proprietary nature, including without limitation trade secrets, personnel documents, policies, business practices and procedures, customer information, including account numbers, social security numbers, addresses and other identifying information, business know-how, guidelines, and information and documents regarding the structure or operations of African American Planning Commission, Inc. and its affiliates (collectively hereinafter "AAPC") and personal and confidential material, such as performance reviews and disciplinary records, personal information such as social security numbers, addresses, and telephone numbers, the disclosure of which might result in irreparable harm and/or invasion of privacy of the parties or non-parties (hereinafter "Confidential Material"); and

WHEREAS, the parties and their counsel desire to facilitate the discovery of certain information, documents and things from each other and to reasonably limit disclosure to others of Confidential Material that may be exchanged and produced now and in the future during this litigation and have reached agreement as to the terms of this Confidentiality Stipulation ("Stipulation").

12179917v.1

IT IS HEREBY STIPULATED AND AGREED THAT:

1. Any documents exchanged between the parties during discovery that the producing party believes in good faith to warrant confidential treatment shall be plainly stamped or marked "Confidential" on the face of the document or otherwise designated as confidential by the producing party. Testimony about or relating to any Confidential Material or the contents thereof shall be deemed confidential without further designation.

2. In the case of transcripts of depositions or court conferences, designation of the portion of the transcript (including exhibits) that contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition or at the conclusion of each session of the deposition, or in a writing provided by the designating party to the other party within thirty days of the designating party's receipt of a copy of the transcript. Counsel for the parties may modify this procedure for any particular deposition by agreement on the record at such deposition or court conference, without Court order.

3. Either party may object to the designation of any documents as Confidential Material and the parties shall confer in good faith to attempt to resolve the objection. If the parties are unable to resolve the objection, the dispute may be submitted to the Court. Notwithstanding the objection, such document(s) and the contents thereof shall be treated as Confidential Material pursuant to the terms of this Stipulation until a contrary determination is made by written agreement of the parties or by order of the Court.

4. As used in this Stipulation, "disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, disseminate, or otherwise communicate information, whether pursuant to request, interrogatory, or process, but shall not include testimony, argument, or use of documents at trial.

5.  Confidential Material and the contents thereof may be copied and retained by the receiving party, and may be used by the party and the party's counsel, solely for purposes of prosecuting or defending the above-captioned litigation (the "Litigation"). Confidential Material shall not be disclosed or made known by the parties and/or their counsel to any other person, except *only* as follows:

   a. to the current or former directors, officers, and employees of AAPC to the extent necessary for this Action;

   b. to any attorneys of the parties, including necessary paralegal and other personnel employed by counsel, to the extent necessary for this Action;

   c. to the judges and employees of the U.S. District Court for the Eastern District of New York, to the extent necessary for this Action, but subject to provisions to be agreed between counsel and/or as ordered by the Court to ensure the confidentiality of materials in otherwise-public court filings;

   d. to experts, consultants, insurance or claims representatives, non-party witnesses or other persons retained or consulted by counsel and whose assistance is necessary for purposes of the Action, provided that (i) such disclosure is necessary in order to furnish such assistance, (ii) the counsel receiving such assistance provides a copy of this Stipulation to the individual(s) providing such assistance, and (iii) the individual agrees in writing to be bound by the terms of this Stipulation by executing the document attached hereto as Exhibit 1. Each Party and its respective counsel agree to immediately notify all other Parties and their respective counsel if it obtains knowledge or information that a non-party is about

to disclose, or has disclosed, Confidential Material to persons who have not agreed in writing to be bound by the provisions of this Stipulation.

6. The authorized disclosures provided for in Paragraph 5 above shall be solely for the use and purposes of this Action and any person, party, or entity receiving any Confidential Document or the contents thereof shall not use or disclose said information, directly or indirectly, in any manner whatsoever, to any other person, party, or entity not specified in Paragraph 5 herein above. Confidential Material and the contents thereof shall not be used for any business, commercial, competitive or personal reason.

7. Nothing in this Stipulation shall prevent any party from disclosing its own Confidential Material or information as it deems appropriate, and such disclosure shall not waive the protections of this Stipulation with respect to any other Confidential Material, whether or not such other document(s) is related to the voluntarily disclosed document or information.

8. Upon the final termination of this Action by judgment or by compromise and settlement, each and every copy of all documents produced as Confidential Material shall be returned to the producing party or shall be destroyed – whichever method is directed by the producing party. If any such documents are not returned or destroyed as directed, they shall remain in possession of counsel for the party only, and those documents shall remain subject to this Stipulation until such time as they are returned or destroyed. The provisions of this paragraph apply equally to Confidential Material and to any copies, portions, quotations, excerpts, fragments, and summaries thereof, as well as any documents containing information derived from such Confidential Material.

9. Counsel for the parties may retain their work product and all briefs, pleadings or other filings with the Court which incorporate Confidential Material or disclose materials

contained therein, but these materials shall remain subject to the terms and conditions of this Stipulation.

10. Nothing in this Stipulation shall be construed to limit any party's right to oppose discovery on any grounds that otherwise would be available. This Stipulation shall not limit any party's right to seek further and additional protection against, or limitation upon, production or dissemination of information and documents or their contents.

11. The foregoing is without prejudice to the right of any party to apply to the Court to alter or amend the terms of this Stipulation upon a showing of good cause. In the event that the Court concludes, upon motion of either party, that the designation of documents as "Confidential Material" is being abused, misused or used inappropriately by either party, the Court may review the use of the designation and may impose appropriate sanctions in its discretion.

12. This Stipulation may be signed on separate signature pages. These separate signature pages will become part of the integrated Stipulation. Where convenient for the parties to do so, the signed signature pages may be facsimile transmissions.

**STIPULATED AND AGREED:**

| LAW OFFICE OF JARED M. LEFKOWITZ LLP<br><br>By: _____<br>Jared M. Lefkowitz<br><br>250 Park Avenue, Suite 2020<br>New York, NY 10177<br>(917) 887-3920      3/18/10<br><br>Attorneys for Plaintiff | SEYFARTH SHAW LLP<br><br>By: _____<br>Robert S. Whitman      3/18/2010<br><br>620 Eighth Avenue<br>New York, New York 10018<br>(212) 218-5500<br><br>Attorneys for Defendants |

**SO ORDERED:**

_____        _____, 2010
Hon. Steven M. Gold                Date

12179917v.1

# EXHIBIT 1

## **WRITTEN ASSURANCE**

1. I _____ , state that I reside at _____ in the City of _____ , State of _____ .

2. I read and agree to comply with and be bound by the provisions of the attached Confidentiality Stipulation and Order in the matter of *Anjell Bowers v. African American Planning Commission, Inc. and Matthew Okebiyi*, No. 09 CV 4096 (NG) (SMG) (E.D.N.Y.)

3. I will neither disclose to nor discuss with any third party any documents, or the contents thereof, obtained or reviewed in this matter, except solely for the purpose of this lawsuit and then only at the express direction of counsel for the Plaintiff or counsel for the Defendants.

4. I also agree, to the extent I am provided copies of any documents produced in this matter, to return all such copies to counsel for the Plaintiff or counsel for the Defendants immediately upon request.

_____
Name:

_____
Date

12179917v.1