LAW OFFICES OF

# JARED M. LEFKOWITZ

250 Park Avenue, Suite 2020                                                                  Tel (212) 682-1440
New York, NY 10177                                                                        Fax (917) 591-8991

May 6, 2010

**BY ECF**

Hon. Steven M. Gold
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

         Re:    Bowers v. African American Planning Commission, Inc.
                   and Matthew Okebiyi, Case No 09 cv 4096

Dear Judge Gold:

       I represent the plaintiff Anjell Bowers in this action for employment discrimination, sexual harassment, and hostile work environment. This letter is sent to respectfully request a ruling on two directions by defense counsel Robert Whitman to defendant Matthew Okebiyi not to answer questions at his deposition on April 9, 2010. It is respectfully requested that the Court direct defendant to appear and answer the questions, along with any follow up and related questions. Further, to the extent there is an appearance fee for the court reporter to come back a second time, it is respectfully requested that such fee be borne by defendants.

       Pursuant to Rule 30, no explanation of relevance is necessary when asking a question at a deposition. The permissible subject matter is broad, objections are reserved, and the questions and answers are subject to a later motion to strike or other appropriate relief. "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." FRCP 30(c)(2).

       As described below, there is no privilege claimed, and there was no limitation ordered by the Court. Although counsel at the deposition purported to frame the issue as one under Rule 30(d)(3), no motion has been made almost one month later.

Hon. Steven M. Gold
May 6, 2010
Page 2

Attached as Exhibit A is a miniscript of the entire deposition transcript. While the questions and directions not to answer may be found on pages 15 and 29, I attach the entire transcript for the court to review, if it wishes, for the purposes of Rule 30(d)(3) to determine that the questions at issue (and the entire deposition of defendant Okebiyi) were not conducted "in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."

The first question which defendant did not answer is on page 15 of the transcript, and it is a background question regarding why defendant is estranged from his brother. In the first instance, background information about a person's education, employment, and family is a subject routinely explored at depositions. We want to know who we are talking to; what kind of person he is; his upbringing, etc. But more importantly, as stated on the record, in this case involving sexual harassment and hostile work environment the fact that defendant is estranged from his brother may be relevant on a whole host of matters, and may also lead to the discovery of admissible evidence. Accordingly, the direction not to answer was improper.

The second direction not to answer is on page 29 of the transcript, and it is also a background type of question regarding whether defendant Okebiyi was using any prescription medication. Depending upon the medication, this line of questioning is relevant for matters well beyond his ability to recall events, and could also lead to the discovery of admissible evidence.

Totally aside from the direct relevance of these questions is impeachment and the assessment of credibility. As the court may discern from the deposition transcript, defendant Okebiyi is at best evasive and at worst committed out and out perjury.[1] This case at its core is a "my word against yours" situation, and credibility is therefore a crucial part of the case. I do not want to speculate and make accusations in this publicly available letter, however, there may be a many reasons why defendant Okebiyi is estranged from his brother which bear on credibility and impeachment.

---

[1] In fact, my office is in possession of affidavits from two witnesses (with no stake in the outcome of this litigation) who contradict crucial portions of defendant Okebiyi's testimony. Those affidavits have been turned over to counsel for the defendants, who is in the process of seeking their deposition by subpoena.

Hon. Steven M. Gold
May 6, 2010
Page 3

       For these reasons, it is respectfully requested that the Court direct defendant Okebiyi to appear and answer the questions, along with any follow up or related questions.  Further, to the extent there is an appearance fee for the court reporter to come back a second time, it is respectfully requested that such fee be borne by defendants.

                                   Respectfully submitted,

                                   /S/

                               Jared Lefkowitz (JL 6920)