

620 Eighth Avenue
New York, New York 10018-1405
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
(212) 218-5629

Writer's e-mail
rwhitman@seyfarth.com

Writer's direct fax
917-344-1258

May 11, 2010

**BY ECF**

Hon. Steven M. Gold
Chief U.S. Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Chambers 1217
Brooklyn, New York 11201

    Re:    Bowers v. African American Planning Commission, Inc., *et al.*,
            No. 09 CV 4096 (NG) (SMG) (E.D.N.Y.)

Dear Judge Gold:

    This firm is counsel to the Defendants in the above-referenced action. We write in response to Plaintiff's letter to the Court of earlier today.

    While Defendants are willing to make Mr. Okebiyi available for a follow-up deposition session and appreciate Plaintiff's withdrawal of her application regarding questions posed during his initial deposition, we take issue in the most strenuous terms to Plaintiff's intimation that Mr. Okebiyi intentionally gave false testimony, that Defendants have "confirmed" as such, or that Mr. Okebiyi was somehow prompted by Plaintiff's actions to "c[o]me clean." This is simply not so. Mr. Okebiyi wishes to correct certain testimony he made at his deposition, but that is a far cry from an admission of "perjury" or the other inflammatory characterizations that Plaintiff presents.

    In addition, there is no justification for Plaintiff's request to shift all costs to Defendant for the follow-up deposition. Defendants are willing to pay the court reporter's appearance fee, but any other charges associated with the deposition should be borne by the parties in the customary fashion. This is especially so because a portion of the follow-up deposition (addressed at page 2 of the undersigned's letter, which is attached to Plaintiff's) bears no relation to Plaintiff's motion at all, but to extraneous matters on which Plaintiff's counsel said he wished to ask further questions. Despite having no obligation to do so, we agreed to allow such questioning at the follow-up deposition in the spirit of cooperation in discovery. That agreement



does not warrant the anticipatory cost-shifting that Plaintiff suggests. In the event Plaintiff were to prevail in this action, she would be entitled to seek recovery of such costs at that time, but not now.

Finally, because other depositions in this case are currently scheduled, and Mr. Okebiyi plans to attend, we offered Plaintiff what we thought was a commonsense solution: that the follow-up deposition, which should only last a few minutes, be conducted on the same date and at the same location as those depositions to minimize costs and inconvenience to the parties and counsel. Plaintiff never responded to our proposal in that regard, choosing instead to put this issue needlessly before the Court. We believe our proposed approach is sensible and properly balances everyone's interests.

Respectfully submitted,

SEYFARTH SHAW LLP

Robert S. Whitman

cc: Jared M. Lefkowitz, Esq. (by ECF)